FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 30, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

TRINA ANN L.,

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL

SECURITY ADMINISTRATION,

      Defendant.

No. 1:25-CV-03189-SAB

**ORDER REVERSING THE**

**DECISION OF COMMISSIONER**

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by L. Jamala Edwards, Benjamin J Groebner, and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF No. 11, and the Commissioner's Brief, ECF No. 15.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the decision of the Commissioner and remands for further proceedings.

**I.    Jurisdiction**

On  December 28, 2020, Plaintiff filed an application for disability insurance benefits (DIB), and supplemental security income (SSI), alleging disability

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

beginning January 23, 2016. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on September 18, 2024, a telephonic hearing was held before an ALJ. Plaintiff participated with the assistance of counsel Robert Tree. Jeffrey Tittelfitz, vocational expert also participated. The ALJ issued a decision on September 27, 2024, finding Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and the Appeals Council denied the request on August 26, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 24, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv),

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 3

416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was fifty-two. She earned her GWS, Plaintiff states she is unable to work due to chronic back pain, fibromyalgia (FM), carpal tunnel syndrome, and plantar warts. She testified that she was no longer taking medication because she could not afford it. She has trouble gripping and numbness in her hands, has persistent fatigue, has widespread pains from FM and musculoskeletal issues. Her pain is persistent but fluctuates in degree and where she feels the pain. On bad days, she needs to lie down for half a day to deal with the pain. She has felt worn down by her medical conditions, does not comprehend well, and has trouble communicating with others; she typically only interacts with family and stays home.

### V.    The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-34.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 23, 2016. AR 20.

At step two, the ALJ identified the following severe impairments: fibromyalgia, lumbar spine arthritis, left shoulder degenerative joint disease and tendinosis, right and left knee arthritis, right and left carpal tunnel syndrome, chronic pain syndrome, morbid obesity, and depression. AR 20.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 5

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 20. Ultimately, the ALJ concluded Plaintiff has a residual function capacity ("RFC") to perform:

> light work light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can stand and/or walk 4 hours, and sit 6 hours in an 8-hour workday; occasionally stoop, kneel, crouch, and crawl; occasionally climb ramps and/or stairs; can never climb ladders, ropes or scaffolds; frequently but not constantly reach in any direction, push and/or pull with the left upper extremity; frequently but not constantly handle, finger and feel with the bilateral upper extremities; occasionally push and/or pull with the bilateral upper and  lower extremities; can never be exposed to vibration or extreme cold; can never work at unprotected heights or around moving mechanical parts or heavy machinery; and can have occasional interaction with the public.

AR 23.

At step four, the ALJ found Plaintiff had no past relevant work. AR 31.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also, including marker, electronics worker and Inspector, hand packager. AR 32. Consequently, the ALJ found Plaintiff was not disabled since January 23, 2016. AR 32.

## V.   Issues

1. Whether the ALJ properly evaluated Plaintiff's allegations?

2.  Whether the ALJ adequately evaluated the medical opinions?

## VI.   Analysis

### 1.     Evaluation of Plaintiff's Symptom Testimony

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.* (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ erred in failing to provide clear and convincing reasons for rejecting Plaintiff's allegations. First, the ALJ erred in concluding that Plaintiff only obtained conservative treatments for her physical ailments. The record indicates that Plaintiff has tried a variety of medications. The ALJ apparently believed Plaintiff was a drug user, but there is no record of any emergency visits because of her drug use. It is not clear whether the ALJ's belief that Plaintiff was a drug-user affected the disability analysis.

Moreover, the failure of obtaining emergency room care because of mental health symptoms is not clear and convincing reasons to reject her testimony. Rather, Plaintiff testified that her mental health symptoms include feeling drained from her medical conditions, feeling of being "institutionalized" and not interacting with others much except for family. There is no indication inpatient treatment or hospitalization would be appropriate in Plaintiff's case.

The ALJ's reliance on the lack of demonstrated severity of her physical symptoms in the medical records is not clear and convincing because there is demonstrated severity of her physical symptoms in the record. Lab results have consistently shown high RNP antibodies and positive ANA matching with her connective tissue disease; positive bilateral CTS found by nerve conduction study

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 7

(NCS); partial thickness tear was seen by MRI in the left shoulder; abnormalities in the knees, spine, and feet in imaging records; recurring and painful lesions on her feet; painful and limited range-of-motion (ROM) in the spine or shoulder; positive Tinel's test in the right wrist; positive straight leg raise on the left; rigid posture; weakness in the left arm, decreased upper extremity sensation, antalgic gait, slow gait with pain ambulating, decreased left foot and ankle strength and motion and tenderness. The record indicates she was seen using crutches and a motorized Scooter.

The ALJ failed to account for Plaintiff's diagnosis of FM and to account for the fact that FM symptoms wax and wane, and there may not be objective evidence or laboratory tests to confirm the diagnosis. The ALJ's observations that at her medical appointments Plaintiff "appeared well-developed; neck was normal with no abnormalities; cardiovascular system and respiratory system were normal; and extremities exhibited no edema" are not relevant to her FM symptoms. The ALJ also erred in relying on Plaintiff's daily activities to find that she was not credible with her allegations. None of the activities the ALJ cited show a direct contradiction to her allegations.

Here, the ALJ's errors are central to disability. They were not minor, harmlessness is not clear, and one cannot "confidently" conclude that no reasonable ALJ could have reached a different disability finding absent the errors. As such, remand is necessary.

**2.    Evaluation of Medical Opinions**

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 8

of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability.
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

**a. Dr. Jackson**

Dr. Jackson is Plaintiff's treating physician since 2013. Dr. Jackson opined marked to severe limitations in performing basic work activities and limited Plaintiff to sedentary exertions. The ALJ found Dr. Jackson's opinion unsupported and found the opinion to be dated.

The ALJ erred in evaluating Dr. Jackson's opinion because contrary to its conclusions, Dr. Jackson's opinion is supported and consistent with the record. Saying her opinion was dated was an overstatement because the only later opinion was an opinion issued by Dr. Brown, who completed a consultative examination. The ALJ failed to account for Plaintiff's FM symptoms and the fact that those

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 9**

symptoms wax and wane. The ALJ's evaluation of Dr. Jackson's opinion was hampered by the erroneous conclusion that Plaintiff only engaged in conservative treatment for her FM and erroneous reliance on "normal" but irrelevant exam findings where Plaintiff appeared well-developed; neck was normal with no abnormalities; cardiovascular system and respiratory system were normal; and extremities exhibited no edema.

### b. M. Washington, ARNP

In December 2021, ARNP Washington reviewed Dr. Jackson's report and also the Lakeview Spine records. She concurred with Dr. Jackson's limitations, found Luna was limited to sedentary exertions, and also assessed marked limitations in several basic work activities, including performing gross or fine motor skill activities, maintaining a schedule, performing routine tasks without undue supervision. The ALJ never address nor appeared to consider Ms. Washington's opinion.

### b. R. Brown, M.D., D. Leong, M.D., and A. Thaxton-Brooks, M.D

The ALJ found Dr. Brown, Dr. Leong, and Dr. Thaxton-Brook's opinions to be persuasive, but erred in doing so because it failed to make any specific supportability analysis that addressed how their findings were supported or explained. Moreover, the ALJ relied on "normal" findings that are not relevant to Plaintiff's FM symptoms to find these opinions persuasive, so these findings do not meet the supportability and consistency analysis.

## VII. Conclusion

The ALJ erred made fundamental errors in evaluating Plaintiff's claim for disability benefits. As such, the ALJ's decision is not supported by substantial evidence and remand is appropriate. The ALJ shall conduct a new hearing and issue a new decision.

//

//

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 10

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Opening Brief, ECF No. 11, is **GRANTED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 15, is **DENIED.**

3. The decision of the Commissioner is **reversed** and **remanded**. Upon remand, the ALJ shall properly consider Plaintiff's FM symptoms, reevaluate the medical evidence, reevaluate Plaintiff's symptom testimony, reevaluate the residual functional capacity, offer the opportunity for a hearing, develop the record as needed, and issue a new decision.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 29th day of June 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 11